DELAWARE RIVER BASIN COMMIS-
SION and Commonwealth of
Pennsylvania, Petitioners,
v.
FEDERAL ENERGY REGULATORY
COMMISSION, Respondent.

No. 81–2506.

United States Court of Appeals,
Third Circuit.

Argued May 11, 1982.

Decided June 2, 1982.

Rehearing and Rehearing In Banc
Denied July 12, 1982.

David J. Goldberg, Warren Goldberg &
Berman, Princeton, N. J., John E. Childe,
Jr. (argued), Asst. Counsel, Com. of Penn-
sylvania, Dept. of Environmental Re-
sources, Harrisburg, Pa., for petitioners.

Charles A. Moore, Gen. Counsel, Jerome
M. Feit, Sol., Joshua Z. Rokach (argued),
Atty., F. E. R. C., Washington, D. C., for
respondent.

Before GIBBONS and HUNTER, Circuit
Judges, and THOMPSON,* District Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

The Delaware River Basin Commission
(DRBC) and the Department of Environ-
mental Resources of the Commonwealth of
Pennsylvania (DER) petition for review of
a Federal Energy Regulatory Commission
(Commission) order granting the Borough
of Weatherly (Weatherly) a preliminary
permit to study the feasibility of developing
hydropower on the Francis E. Walter Dam.[1]
This court has jurisdiction to review the
Commission's actions pursuant to Section
313(b) of the Federal Power Act, as amend-
ed, 16 U.S.C. § 825*l*(b) (the Act).[2] We con-
clude that the Commission's order is sup-
ported by substantial evidence and we af-
firm.

---

* Hon. Anne E. Thompson, United States District
Judge for the District of New Jersey, sitting by
designation.

1. Pennsylvania Hydroelectric Development
Corp., 14 FERC ¶ 62,285 (1981).

2. Any party to a proceeding under this chapter
aggrieved by an order issued by the Commis-
sion in such proceeding may obtain a review of
such order in the United States Court of Ap-
peals for any circuit wherein the licensee or

public utility to which the order relates is locat-
ed or has its principal place of business, or in
the United States Court of Appeals for the
District of Columbia, by filing in such court,
within sixty days after the order of the Com-
mission upon the application for rehearing, a
written petition praying that the order of the
Commission be modified or set aside in whole
or in part.

16 U.S.C. § 825*l*(b).

The Francis E. Walter Dam, located on the Lehigh River in Pennsylvania, is a flood control project maintained by the Army Corps of Engineers. Starting in May, 1979 and in chronological order, four applicants filed for a preliminary permit from the Commission's Office of Electric Power Regulation to explore the development of hydroelectric power at the dam: Pennsylvania Hydroelectric Development Corp. (May 8, 1979); Borough of Weatherly (September 12, 1979); Borough of Lehighton (November 5, 1979); DRBC and DER jointly (November 23, 1979). A notice of competing applications was published and comments were submitted thereon. The Office of Electric Power Regulation decided that it could not differentiate among the various proposals because none of the applicants had presented a sufficiently developed plan based on detailed studies. Following the preference hierarchy established by 16 U.S.C. § 800 and by Sections 4.33g(2) & (3) of the Commission's regulations, 18 C.F.R. § 4.33g(2) & (3), Weatherly was granted a preliminary permit because it was the first public applicant to file. All other applications were denied.

DRBC and DER appealed the denial of their application. The Commission affirmed the earlier order, *Pennsylvania Hydroelectric Development Corp.*, 15 FERC ¶ 61,152 (1981), and also denied the subsequent petition for a rehearing. *Pennsylvania Hydroelectric Development Corp.*, 16 FERC ¶ 61,025 (1981). Having exhausted their avenues of administrative relief, DRBC and DER now seek judicial review of the Commission's actions. *See* 16 U.S.C. § 825*l*(b).

The Commission regulates the development of hydroelectric power from waters under federal jurisdiction. 16 U.S.C. § 796 *et seq.* This task is discharged by issuing licenses for the construction and maintenance of necessary facilities. 16 U.S.C. § 797(e). To obtain a license, a prospective applicant must provide the Commission with a plethora of information, including feasibility studies, planned compliance with state laws and other relevant data. 16 U.S.C. § 802; 18 C.F.R. § 4.1 *et seq.* Compliance with statutory and regulatory conditions takes time and money, and an applicant may not be willing to undertake these up-front expenses without some level of protection. To deal with that situation, the Act authorizes the Commission to issue preliminary permits "for the purpose of enabling applicants for a license ... to secure the data and to perform the acts required by section 802 of this title." 16 U.S.C. § 797(f). The preliminary permit gives the holder a measure of priority when a license is ultimately granted. There is also an order of preference for the granting of preliminary permits. Section 7(a) of the Act mandates that as between two equivalent applications, the Commission shall favor a State or municipality, and as between these the "Commission may give preference to the applicant the plans of which it finds and determines are best adapted to develop, conserve, and utilize in the public interest the water resources of the region, if it be satisfied as to the ability of the applicant to carry out such plans." [3] 16 U.S.C. § 800(a). The Commission regulations adopt the stat-

---

**3.** Section 7 of the Act reads:

§ 800. Preference in issuance of preliminary permits or licenses; development of water resources by Government; taking over of projects by Government when licenses expire

(a) In issuing preliminary permits hereunder or licenses where no preliminary permit has been issued and in issuing licenses to new licensees under section 808 of this title the Commission shall give preference to applications therefor by States and municipalities, provided the plans for the same are deemed by the Commission equally well adapted, or shall within a reasonable time to be fixed by the Commission be made equally well adapted, to conserve and utilize in the public interest the water resources of the region; and as between other applicants, the Commission may give preference to the applicant the plans of which it finds and determines are best adapted to develop, conserve, and utilize in the public interest the water resources of the region, if it be satisfied as to the ability of the applicant to carry out such plans.

16 U.S.C. § 800(a).

utory hierarchy and provide, moreover, that "[i]f two or more applications for preliminary permits . . . are filed for project work which would develop, conserve, and utilize, in whole or in part, the same water resources, . . . and the plans of the applicants are equally well adapted to develop, conserve, and utilize in the public interest the water resources of the region, taking into consideration the ability of each applicant to carry out its plans, the Commission will favor the applicant whose application was first accepted for filing."[4] 18 C.F.R. § 4.33(g)(2). This is a "first in time" rule.

There is no allegation that the Commission's regulations are improper under the enabling statute and, therefore, our task on review is the limited one of determining whether the agency's order is supported by substantial evidence. 16 U.S.C. § 825*l*(b). *See Consolo v. Federal Maritime Commission*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); *see also Universal Camera Corporation v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). The Commission, in the orders denying petition-

ers' permit application, denying appeal and denying rehearing, set forth meticulously its reasons for rejecting petitioners' application. The Commission determined that there were no significant differences among the various applicants' plans for the Francis E. Walter Dam, and that no plan was sufficiently developed to enable a conclusion to be reached.[5] The Commission, therefore, granted a permit to the first filer, Weatherly. The record indicates that the Weatherly and the DRBC (and DER) applications had almost equal estimates of capacity and energy output, they were both devoid of data and both pointed to prospective tests and studies to develop the information necessary to determine feasibility and the hard numbers needed to analyze the suggested development project. The petitioners' application does in fact have a section entitled "Manner the Proposed Project Would Develop, Conserve and Utilize, in the Public Interest, Water Resources of the Region," with no counterpart in Weatherly's application. This section, however, adds little to the substance of petitioners' plans for it only sets forth the various water resources

---

**4.** Sections 4.33g(2) & (3) of the FERC regulations read:

(g) If two or more applications for preliminary permits, or two or more applications for licenses (not including applications for a new license under section 15 of the Federal Power Act) by applicants none of whom was a preliminary permittee whose application for license was accepted for filing within the permit period, are filed for project works which would develop, conserve, and utilize, in whole or in part, the same water resources, the Commission will select between or among the applicants on the following bases:

\* \* \* \* \* \*

(2) If both of two applicants are either a municipality or a state, or neither of them is a municipality or a state, and the plans of the applicants are equally well adapted to develop, conserve, and utilize in the public interest the water resources of the region, taking into consideration the ability of each applicant to carry out its plans, the Commission will favor the applicant whose application was first accepted for filing [*see* § 4.31(e) ];

(3) If one of two applicants is a municipality or a state, and the other is not, and the plans of the municipality or state are at least as well adapted to develop, conserve, and utilize in the public interest the water re-

sources of the region, taking into consideration the ability of each applicant to carry out its plans, the commission will favor the municipality or state.
18 C.F.R. §§ 4.33g(2) & (3).

**5.** Petitioners argue that the Commission impermissibly avoided comparing the competing applicants' abilities to "conserve, and utilize in the public interest the water resources of the region" until after the preliminary permit had been issued. We find the point meritless. The Commission effected whatever comparison it could based on the limited information provided by all the applicants. The Commission's inability to differentiate among the applicants is not an indication that it was remiss in its duties but rather that, at such an early stage of project development, detailed information is just not available. The Commission Order Issuing Preliminary Permit did indicate that a proper assessment of "adaptability" would be undertaken later; that, however, was not a postponement of its task, but merely a prediction that as more data became available, the Commission would better decide on the applicant best suited for a license. At the preliminary permit stage, the Commission could not have acted differently.

projects in which DRBC and DER are involved. The Commission also assessed the relative ability of applicants to carry out the permit obligations. It decided that DRBC's and DER's intimate involvement with and expertise in water management, as well as the regional scope of their concerns, did not put them in a position superior to Weatherly's. The Commission believed that regional considerations together with the various state agencies' concerns and expertise could be adequately channeled through Weatherly, the permit holder, because the permit required Weatherly "to consult with the appropriate agencies in conducting its preliminary permit studies, in the interest of protecting and developing the natural resources and the other environmental values of the project area." *Pennsylvania Hydroelectric Development Corp.*, 15 FERC ¶ 61,152 (1981). Moreover, the petitioners did not allege to the Commission any specific facts to support their position that Weatherly was not a suitable candidate. All this more than satisfies us on review. "Whether we would have reached the same conclusions on this evidence were we to consider the matter *ab initio* is not determinative." *N. Jonas & Co. v. EPA*, 666 F.2d 829, 834 (3d Cir. 1981). It suffices that the Commission's decision is supported by substantial evidence.

The petition for review will be denied.